THE LAW OFFICES OF BRIAN A. VOGEL, PC
BRIAN A. VOGEL, SBN 167493
EMAIL: brian@bvogel.com
770 County Square Dr., Ste. 104
Ventura, CA 93003
Phone: (805) 654-0400
FAX: (805) 654-0326

Attorney for Plaintiff
JOHN W. BIRGES



# UNITED STATED DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. BIRGES, an individual<br><br>Plaintiff,<br><br>-vs-<br><br>COUNTY OF VENTURA, VENTURA COUNTY SHERIFF'S DEPARTMENT, VENTURA COUNTY SHERIFF BOB BROOKS, AN INDIVIDUAL, CALIFORNIA FORENSIC GROUP, JOHN KORZELIUS, AND DOES 1-100.<br><br>Defendants. | Case No.  CV 09-01249 SJO (Ssx)<br><br>**SECOND AMENDED COMPLAINT**<br>**(42 U.S.C. §1983)**<br>1.  **8th and 14th Am. Violation**<br>2.  **14th Am. Violation**<br>3.  **Monell Claim**<br>4.  **Negligent Training and Supervision**<br>5.  **Intentional Infliction of Emotional Distress,**<br>6.  **Negligence**<br>7.  **Medical Malpractice**<br>8.  **Cal. Gov't Code § 844.6**<br>9.  **Failure to Obtain Medical Care (Cal. Gov't Code §845.6)**<br>10. **Violation of Mandatory Duty (Cal. Gov't § 815.6)**<br><br>**DEMAND FOR JURY TRIAL** |

1

Pursuant to Fed. R. Civ. P. 15(a), Plaintiff JOHN WALDO BIRGES, files this Second

Amended Complaint after obtaining written consent of the adverse parties.

**INTRODUCTION**

1. This is an action for damages arising out of Defendants' violations of Plaintiff's civil

rights. Plaintiff alleges that Defendants failed to provide for his security while he was

incarcerated, were deliberately indifferent to his serious medical needs in violation of the 8th and

14th Amendments, and further alleges *Monell* and *City of Canton* causes of action arising from

the same common nucleus of operative fact. Plaintiff further alleges state law claims based on

Defendants' negligence, medical malpractice, and unlawful withholding of medical care from

Plaintiff while he was in custody in the Ventura County Jail ("VCJ"). Plaintiff was assaulted in

the jail by other inmates and suffered for four days with a broken jaw before he was finally

administered medical treatment for his injuries. The medical treatment which he received was

poor and resulted in his jaw not healing properly. Defendant COUNTY OF VENTURA, (the

"COUNTY"), operates the Ventura County Jail which is comprised of two facilities, The Ventura

County Sheriff's Department Pre-Trial Detention Facility (the "Main Jail"), and the Ventura

County Sheriff's Department Todd Road Facility, (the "Todd Road Jail," located at 600 South

Todd Rd., Santa Paula, CA 93009). Defendants VENTURA COUNTY SHERIFF BOB

BROOKS, ("SHERIFF BROOKS"), VENTURA COUNTY SHERIFF'S DEPARTMENT,

("SHERIFF'S DEPARTMENT"), and CALIFORNIA FORENSIC MEDICAL GROUP,

[incorrectly sued and served herein as CALIFORNIA FORENSIC GROUP], ("CFMG") manage

the provision of health care at both jail facilities. Such health care is managed and provided by

Defendants SHERIFF BROOKS, CFMG, JOHN KORZELIUS ("KORZELIUS") and DOES 1-

100 who were partly or wholly responsible for Plaintiff's security, care and/or medical treatment

2

while he was incarcerated in VCJ.

## JURISDICTION AND VENUE

2. Plaintiff's claims under 42 U.S.C. § 1983 and the U.S. Constitution give rise to "federal question" subject matter jurisdiction in this Court pursuant to 28 U.S.C. § 1331. In addition, this Court has subject matter jurisdiction over the § 1983 claims pursuant to 28 U.S.C. § 1343 ("Civil rights and elective franchise" jurisdiction). Pursuant to 28 U.S.C. § 1367, this Court has supplemental and/or pendant subject matter jurisdiction over the remaining claims.

3. Venue in this action properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391, insofar as (a) the County of Ventura, California is a Defendant in this litigation; (b) the events giving rise to this action took place exclusively in Ventura County, California; and (c) Ventura County, California is located in this federal judicial district.

## THE PARTIES

4. At all times material herein, Plaintiff John Birges was a resident of Ventura County, California.

5. At all times material herein, Defendant COUNTY was a public entity authorized by law to establish certain departments responsible for enforcing the laws and protecting the welfare of the citizens and public employees of Ventura County. At all times mentioned herein, Defendant COUNTY was responsible for overseeing the operation, management, and supervision of VCJ, DEFENDANT SHERIFF'S DEPARTMENT, DEFENDANT SHERIFF BROOKS, as well as the Sheriff's Deputies and Corrections Officers, and contracted entities and employees of VCJ, including without limitation Defendant CFMG, its doctors and nursing staff and any other healthcare providers utilized by CFMG to provide healthcare for inmates.

3

Defendant COUNTY is liable for the negligent and reckless acts of all of these aforementioned parties, personnel and entities, as described herein.

6. At all times material herein, Defendant SHERIFF'S DEPARTMENT was a public entity responsible for providing law enforcement and detention services for Defendant COUNTY, including supervising, operating, and managing both VCJ facilities.

7. At all times material herein, Defendant SHERIFF BROOKS was Sheriff of Defendant COUNTY, was responsible for supervising, operating, and managing both VCJ facilities and was further responsible for the policies, customs, and procedures used at VCJ.

8. At all times material herein, Defendant CFMG was a corporation authorized to do business and doing business in the County of Ventura as a contract medical service provider to Defendants SHERIFF'S DEPARTMENT and COUNTY.

9. At all times material herein, Defendant KORZELIUS was employed by CFMG as a medical doctor and was responsible for overseeing the provision of medical care and treatment to the Plaintiff for his broken jaw.

10. The COUNTY, the SHERIFF'S DEPARTMENT, and CFMG are collectively referenced herein as the "PUBLIC ENTITY DEFENDANTS."

11. At all times material herein, Defendant DOES 1-5 were nurses, guards or other employees of the PUBLIC ENTITY DEFENDANTS who knew or should have known of Plaintiff's serious medical need for treatment of his broken jaw, yet failed to provide him with appropriate treatment.

12. Upon information and belief, Defendants DOES 1-100 were each responsible in some manner for the injuries and damages alleged herein. The true names and identities of Defendants DOES 1-100 are presently unknown to Plaintiff. Upon information and belief, at all

4

relevant times herein Defendants DOES 1-100 were employees and/or agents of the PUBLIC

ENTITY DEFENDANTS, acting at all relevant times within the scope of their employment

and/or agency with the PUBLIC ENTITY DEFENDANTS. Upon information and belief, such

employees include, *inter alia*, guards, officers, supervisors, managers, jail commanders, doctors,

nurses, and other health care professionals. Upon information and belief, Defendants DOES 1-

100 acted with reckless disregard and deliberate indifference to Plaintiff's medical needs and

safety, failed and/or delayed providing medical care to Plaintiff, violated Plaintiff's civil rights,

wrongfully caused Plaintiff's injuries, and/or encouraged, directed, enabled, and/or ordered other

defendants to engage in such conduct. Defendants DOES 1-100 are being sued in their respective

individual and official capacities. Plaintiff will seek to amend this Complaint after the true names

and identities of Defendants DOES 1-100 are ascertained. Defendants DOES 1-100 are

collectively referenced as the "Doe Defendants" herein.

13. Defendants SHERIFF BROOKS, KORZELIUS and DOES 1-100 are collectively

referenced as the "INDIVIDUAL DEFENDANTS" herein.

14. In committing the acts and/or omissions alleged herein, all Defendants acted under

color of authority and/or under color of law. Plaintiff sues all public employees named as

Defendants in both their individual and official capacities.

**NOTICE TO PUBLIC ENTITIES FOR STATE TORT CLAIMS**

15. The COUNTY was given notice of these claims pursuant to Government Code

section 910 and related provisions as follows. Plaintiff's claim accrued, at the earliest, on or

about February 24, 2008. A Petition for an Order Permitting a Late Claim Pursuant to Govt

Code section 946.6 was filed on February 13, 2009 in the Ventura County Superior Court. The

Petition was granted and the order was signed by Ventura County Superior Court Judge Walsh

on April 2, 2009.   Plaintiff has therefore complied with California Government Code §§ 910 *et*

*seq.*

## FACTUAL ALLEGATIONS

16.  Upon information and belief, on October 4, 2007, Plaintiff pled guilty to one felony count of California Penal Code section 69 in Ventura County Superior Court Case No. 2007015179 and he admitted a violation of probation in Ventura County Superior Court Case no. 2004022899.

17.  Upon information and belief, on December 13, 2007, he was sentenced to serve a total of 240 days in the Ventura County jail.  Plaintiff was given several stays of the execution of that sentence and was ultimately ordered to turn himself in on February 15, 2008 at 7 a.m.  On January 31, 2008, Plaintiff was arrested for a violation of Penal Code section 12021(d)(1) and he was booked at the Ventura County Main Jail, located at 800 South Victoria Ave. in Ventura, California.  The District Attorney filed the charge in Ventura Superior Case no. 2008024626, but later dismissed the case.

18.  Upon information and belief, Plaintiff remained incarcerated at VCJ from January 31, 2008 until his release on June 14, 2008.

19.  On or about January 31, 2008, Plaintiff was transferred from the Ventura County Main Jail to the Todd Road Jail.

20.  Upon information and belief, Classification Officer Deputy Martin at the Todd Road Jail expressed concern about Plaintiff's safety and made an attempt to reclassify Plaintiff from "Red Band" to a lower security level "Grey Band."

21.  Upon information and belief, Deputy Martin was unable to make the reclassification and Plaintiff was housed in A-6, a quad at the Todd Road Jail where the majority of inmates were

Hispanic gang members.  Plaintiff is Caucasian.   Defendants knew or should have known that Plaintiff was at risk of being violently attacked but they were deliberately indifferent to Plaintiff's security and protection and failed to prevent harm to him.

22.  Plaintiff was assaulted by three Latino gang members on or about February 24, 2008 in the A-6 quad of the Todd Road Jail shortly before 11:00 a.m.  Plaintiff suffered several blows to the head and upper body and he also suffered a broken jaw.

23.  Upon information and belief, the beating was captured on videotape.

24.  Upon information and belief, on February 25, 2008, Plaintiff was X-rayed.  He was notified that his jaw was broken and Doe defendants who were SHERIFF'S DEPARTMENT and CFMG employees were also notified of the diagnosis.

25.  Upon information and belief, following the altercation, Plaintiff was notified by VCSD Deputy Miller that he was being reclassified to a lower security level "Grey Band" and housed in general population.

26.  On February 26, 2008, Plaintiff filled out a written request for medical care. Plaintiff's request specifically stated that "My jaw is broken.  I had X-rays Mon 2-25 8:30 am.  I was told my jaw was to be wired.  I am in pain and would like to see a doctor."

27.  Plaintiff repeatedly and consistently complained of pain, misalignment of his teeth, "popping and clicking" noises coming from his jaw, extreme pain when attempting to chew, and other symptoms between February 24, 2008 and February 28, 2008.

28.  Upon information and belief, Plaintiff made these complaints to numerous employees and/or agents of the PUBLIC ENTITY DEFENDANTS, including but not limited to: doctors; nurses; other health care providers; guards, and other inmates.

29.  The employees and/or agents of the PUBLIC ENTITY DEFENDANTS to whom

Plaintiff complained, and the PUBLIC ENTITY DEFENDANTS' employees and/or agents who were responsible for his incarceration, custody, and care, are amongst the Defendants referenced herein as DOES 1-100.

30.    Upon information and belief, despite his complaints, SHERIFF BROOKS, KORZELIUS, CFMG and DOES 1-100 denied medical treatment to Plaintiff until February 28, 2008, four days after the incident, and three days after X-rays had confirmed the diagnosis of a broken jaw.

31.    Upon information and belief, on or about March 5, 2008, one of the three wires holding Plaintiff's jaw shut came loose and fell off.  Another wire also became loose and began poking Plaintiff's upper and lower gums causing him severe pain and discomfort.  Plaintiff complained repeatedly to various guards and medical staff.

32.    Upon information and belief, on or about March 7, 2008, Plaintiff was taken for treatment to a medical provider outside of VCJ to have the wires which had been immobilizing his jaws reapplied.  At that time, only one wire was holding Plaintiff's jaws together.

33.    Upon information and belief, rather than immobilizing Plaintiff's jaw with wires, this medical provider applied rubber bands.  As a result, Plaintiff's jaw was not completely immobilized and his jaw never healed properly.

34.    Plaintiff remained incarcerated in the PUBLIC ENTITY DEFENDANTS' custody from January 31, 2008 through the date of his release, June 14, 2008 when his 240 day sentence expired.

35.    Upon information and belief, throughout his incarceration, Plaintiff complained of, and/or exhibited, symptoms that led, or should have led, Defendants to provide Plaintiff with medical treatment that would have eased his pain, allowed him proper nourishment, and

8

prevented his pain and suffering.

36. Defendants, their employees, and their agents caused Plaintiff's injuries by, inter alia: denying Plaintiff access to medical treatment; delaying Plaintiff's access to medical treatment; failing to diagnose Plaintiff's broken jaw in a timely fashion; failing to provide him with proper nourishment in light of his condition; failing to transport him to a hospital; failing to properly treat his broken jaw, and otherwise breaching their duties and applicable standards of care.

37. Upon information and belief, at all relevant times herein, SHERIFF BROOKS, CFMG, KORZELIUS, and DOES 1-100 were acting within the scope of their employment and/or agency with the PUBLIC ENTITY DEFENDANTS.

38. Upon information and belief, SHERIFF BROOKS, CFMG and DOES 1-100 are responsible for providing, managing, and overseeing the provision of medical care at VCJ.

39. Plaintiff's injuries were proximately caused by SHERIFF BROOKS, CFMG, KORZELIUS and DOES 1- 100's negligent, reckless, deliberately indifferent, and intentional acts and/or omissions in providing, managing, and overseeing the provision of medical care at VCJ.

40. Upon information and belief, SHERIFF BROOKS, CFMG, KORZELIUS and DOES 1-100 are further responsible for hiring, training, retaining, supervising, monitoring, and/or disciplining staff at VCJ and CFMG regarding the treatment of sick or injured VCJ detainees.

41. Upon information and belief, SHERIFF BROOKS, CFMG, KORZELIUS and DOES 1-100 are further responsible for setting policies and procedures regarding, inter alia: provision of medical treatment at VCJ; staffing levels at CFMG; and/or the transfer of detainees from CFMG to civilian hospitals or other treatment providers.

42. Upon information and belief, Plaintiff's injuries were proximately caused by

SHERIFF BROOKS, CFMG, KORZELIUS and DOES 1-100 negligent, reckless, deliberately indifferent, and intentional acts and/or omissions in setting policies and procedures regarding, inter alia: provision of medical treatment at VCJ; staffing levels at CFMG; and/or the transfer of detainees from CFMG to civilian medical treatment providers.

43.  Upon information and belief, the Defendant COUNTY failed to provide adequate medical care for Plaintiff.  The Defendant COUNTY and SHERIFF'S DEPARTMENT, and their Deputies, Corrections Officers, physicians and nurses, did not heed and respond appropriately to Plaintiff's requests for medical attention, despite his intense pain and complaints.  All Defendants, including the County's agent Defendant CFMG, did not provide Plaintiff adequate, proper and sufficient care when they became aware of his complaints and condition, and therefore, failed to timely and adequately provide him satisfactory medical care for his broken jaw.

44.  Plaintiff would not have suffered had Defendant COUNTY and its employees and agents, provided him the necessary, adequate, and timely medical attention and intervention he required and was entitled to for his broken jaw.

## STATEMENT OF DAMAGES

45.  As a result of the acts and/or omissions of Defendants, Plaintiff was deprived of various constitutional and statutory rights and was further hurt and injured in his health, strength, and activity, sustaining injury to his person, all of which injuries caused Plaintiff great mental, physical, and nervous pain and suffering and severe emotional distress.

46.  The acts and/or omissions of Defendants, as alleged in this complaint were malicious and/or oppressive -- done with a willful and conscious disregard for the constitutional rights and basic welfare and safety of Plaintiff and subjecting Plaintiff to cruel and unjust hardship.

Plaintiff therefore prays for an award of punitive and exemplary damages in an amount that will

be stated according to proof.

47. Plaintiff retained counsel to represent him in this matter and is entitled to an award of

attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## FIRST CAUSE OF ACTION
### (42 U.S.C. §1983 - 8th and 14th Amendments:
### Right to reasonable security and to be free from excessive force)
### (Brought against Defendants COUNTY, VCSD, BROOKS and DOES 1-100)

48. The preceding Paragraphs are incorporated by reference as though fully set forth

herein.

49. This Count arises under 42 U.S.C. § 1983 and the Eighth Amendment of the U.S.

Constitution.

50. Plaintiff was allowed by sheriff's deputies to be severely beaten by a number of

inmates, each of whom were known violent and "high-risk" inmates at the VCJ.

51. On and before February 24, 2008, Defendants, and each of them, knew the following:

a. That Plaintiff, was a caucasion inmate with no gang affiliation who did not

present a reasonable threat of violence to other inmates. Defendants further knew that Plaintiff

would be subjected to a substantial and pervasive risk of serious injury and/or death from inmate

violence if he were placed in a cell which housed "high risk" Hispanic inmates whose propensity

for violence was known or could be inferred by their criminal backgrounds, gang affiliations, or

by the nature of the criminal offenses for which they were charged and/or accused of committing;

b. That the risk of serious bodily injury and/or death from inmate violence faced

by Plaintiff would be heightened if Plaintiff were housed in the same dormitories where racially

motivated violence had previously occurred against caucasion inmates by inmates whose

11

propensity for violence was known, or could be inferred by their criminal backgrounds, gang

affiliations, or by the nature of the criminal offenses for which they were charged and/or accused

of committing.

        c. That the failure to render immediate and appropriate medical aid to an inmate

who suffered injury and/or illness in its jails including the immediate and proper transportation of

such individuals to its infirmary or other medical facility could result in an excerbation of their

injury and/or illness.

    52. Notwithstanding knowledge of the above facts, including direct and personal

knowledge that Plaintiff was a Caucasion, non-gangmember inmate, Defendants, and each of

them, intentionally and with deliberate indifference to the substantial and pervasive risks of harm

from inmate violence faced by Plaintiff, while acting under color of law and in the course and

scope of their employment with the COUNTY and the VCSD, did intentionally and deliberately

house Plaintiff in an unsupervised dormitory with high risk inmates whose propensity for

violence was known, or could be inferred by their criminal backgrounds, gang affiliations, or by

the nature of the criminal offenses for which they were charged and/or accused of committing.

Defendants also, with deliberate indifference, failed to render immediate and appropriate medical

aid to the Plaintiff, including, but not limited to, failing to immediately and properly transport

Plaintiff to an appropriate medical facility thus exacerbating his injuries and illness.

    53. As a direct and proximate result of this intentional and deliberate lack of supervision,

Plaintiff was not segregated and not supervised causing him to suffer a prolonged beating at the

hands of other inmates. Additionally, as a proximate result of defendants' failure to provide

immediate and necessary medical aid to Plaintiff, including the failure to immediately and

properly transport him to obtain medical aid for his injuries and illness, and to provide him with a

special diet in light of his condition, he suffered severe physical pain, malnourishment, and severe emotional distress.

54. In this manner, defendants, and each of them, failed to protect Plaintiff's safety and security and thereby caused Plaintiff to be exposed to the unreasonable threat of physical danger, and in fact created said danger, resulting in his injury. Upon information and belief, Defendants acted as they did, in part because they knew or were otherwise aware that they would receive no discipline or punishment for their conduct and that their constitutionally violative conduct would otherwise be ratified and condoned by their superiors, including defendant BROOKS and DOES 1-100.

55. As a proximate result of the aforementioned acts and omissions of said Defendants and each of them, Plaintiff was severely beaten and injured.

56. Plaintiff had the right to be free from cruel and unusual punishment and the use of excessive force. All of these rights and privileges are secured to Plaintiff by the provisions of the Eighth and Fourteenth Amendments to the United States Constitution, and by 42 U.S.C. §1983. All of these interests were implicated by the wrongful conduct of the Defendants which proximately caused severe injuries to Plaintiff.

57. As a proximate result of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental pain, injury and shock to his nervous system, fear, anxiety, anguish, torment, degradation, emotional distress, and loss of strength.

58. The aforementioned acts by or omissions of the said individual Defendants and each of them were willful, wanton, malicious and oppressive, done with a conscious disregard for the rights of Plaintiff and constitute the type of despicable conduct that noone in a civilized society should be forced to endure, and this conduct justifies the awarding of exemplary and punitive

13

damages against said individual Defendants in an amount to be proven at the trial of this matter.

59.  Plaintiffs are entitled to and hereby demand costs, attorney fees and expenses pursuant to 42 U.S.C. § 1988.

### SECOND CAUSE OF ACTION
**(42 U.S.C. §1983 - Cruel and Unusual Punishment:**
**Deliberate Indifference to Serious Medical Needs)**
**(Brought against All Defendants)**

60.  The preceding Paragraphs are incorporated by reference as though fully set forth herein.

61.  This Count arises under 42 U.S.C. § 1983 and the Eighth Amendment of the U.S. Constitution.

62.  During his incarceration at VCJ, Plaintiff was under the custody and control of the Defendants and was unable to seek medical attention on his own. Defendants knew or should have known that Plaintiff was in serious need of immediate medical attention after his jaw was broken in an altercation at VCJ.  Defendants were obligated to take all reasonable measures under the circumstances to obtain prompt and/or immediate emergency medical treatment for Plaintiff's injuries yet failed to do so for four days.

63.  Defendants acted with reckless disregard and conscience-shocking indifference to Plaintiff's serious medical needs, rights and safety by intentionally delaying necessary emergency medical care, despite repeated requests for such care by Plaintiff.

64.  Defendants also acted with reckless disregard and conscience-shocking indifference to Plaintiff's serious medical needs, rights and safety by intentionally denying Plaintiff medical care consistent with the applicable standards of care, despite repeated requests for such care by Plaintiff.

14

65. In addition, Defendants acted with reckless disregard and conscience-shocking indifference to Plaintiff's serious medical needs, rights and safety by intentionally managing and overseeing the provision of medical care at VCJ in such a way as to cause Plaintiff's injuries as set forth above.

66. Furthermore, Defendants acted with reckless disregard and conscience-shocking indifference to Plaintiff's serious medical needs, rights and safety by failing to properly screen, train, supervise, and/or discipline its personnel which resulted in Plaintiff's needless suffering as set forth above.

67. Defendants also acted with reckless disregard and conscience-shocking indifference to Plaintiff's serious medical needs, rights and safety by intentionally setting policies and procedures at VCJ in such a way as to cause Plaintiff's injuries as set forth above.

68. Defendants knew that their actions and/or failures to act placed Plaintiff in substantial risk of serious harm, permanent disfigurement and/or disability.

69. Defendants knew that their actions and/or failures to act would cause Plaintiff to suffer extreme and horrific pain and mental anguish for an unreasonable length of time.

70. In so acting and/or failing to act, Defendants deprived Plaintiff of his clearly-established constitutional right to necessary medical care and treatment under the Eighth Amendment.

71. Plaintiff's injuries were a direct and proximate result of Defendants' intentional, willful and callous disregard of his serious need for necessary medical treatment and caused unnecessary and wanton infliction of pain and physical injury on Plaintiff, resulting in severe pain, discomfort, and a lack of adequate nutrition. These deprivations resulted in the violation of his rights under the Eighth Amendment of the United States Constitution.

15

72.  By authorizing, ratifying, and/or condoning the acts and omissions of their co-Defendants, Defendants COUNTY, SHERIFF'S DEPARTMENT, SHERIFF BROOKS, CFMG and DOES 1-100 subjected Plaintiff to the unnecessary and wanton infliction of pain and physical injury, resulting in unnecessary and wanton infliction of pain and physical injury, thereby violating his rights under the Eighth Amendment of the United States Constitution.

73.  The acts and omissions complained of herein were done pursuant to customs and policies authorized, condoned, ratified and carried out by all Defendants that resulted in delayed or substandard medical care for the purposes of saving money at the risk of inmates' health, and/or for inflicting physical and mental abuse on inmates as retribution in furtherance of a policy of misuse of power over inmates incarcerated in Ventura County.

74.  The wanton and callous disregard of Plaintiff's obvious and known serious medical needs - including, but not limited to, unreasonable delays in providing treatment; the refusal to transfer and release him to an emergency room or other appropriate medical facility, refusal to provide him with a liquid diet, and the subsequent abandonment of Plaintiff in his cell for four days while he suffered with a broken jaw subjected Plaintiff to cruel and unusual punishment in violation of his rights under the Eighth Amendment to the United States Constitution.

75.  WHEREFORE, Plaintiff prays for compensatory damages, and for punitive damages as allowed by law.

### THIRD CAUSE OF ACTION
### Violation of Civil Rights - Monell Claim
### (Public Entity Defendants)

76.  The preceding Paragraphs are incorporated by reference as though fully set forth herein.

77.  This Count arises under 42 U.S.C. § 1983 and the Eighth and Fourteenth

1  Amendments of the U.S. Constitution, and is alleged against the PUBLIC ENTITY

2  DEFENDANTS.

3      78.  The PUBLIC ENTITY DEFENDANTS' violations of Plaintiff's civil rights as well

4  as their deliberate indifference and reckless disregard to Plaintiff's medical needs and safety, as

5  set forth herein, were the direct and proximate results of the PUBLIC ENTITY DEFENDANTS'

6

7  longstanding customs, policies, and practices.

8      79.  These longstanding customs, policies, and practices constitute the PUBLIC ENTITY

9  DEFENDANTS' standard operating procedures.

10

11     80.  Such policies, customs, and/or practices include, inter alia: an ongoing pattern of

12 deliberate indifference and reckless disregard to the health needs and safety of VCJ detainees; the

13 failure to maintain adequate health staffing and facilities to provide for health needs and safety of

14 VCJ detainees; the failure to properly train VCJ classification personnel and medical

15 professionals; the failure to properly train and/or supervise VCJ non-medical staff regarding the

16

17 classification and treatment of ill detainees; the failure to comply with medical professionals'

18 judgments and/or orders regarding tests and/or procedures for ill detainees; the policy or custom

19 of failing to treat detainees and refusing to transport ill detainees outside VCJ for hospital

20 treatment; and the policy or custom of permitting and/or encouraging changes to medical

21 professionals' judgment regarding the treatment of detainees.

22

23     81.  The PUBLIC ENTITY DEFENDANTS expressly or tacitly encouraged, ratified,

24 and/or approved of the acts and/or omissions alleged herein, and knew that such conduct was

25 unjustified and would results in violations of Constitutional rights.

26

27     82.  As a result of the foregoing, Plaintiff was subjected to terrible pain and suffering that

28 was a direct and proximate result of the PUBLIC ENTITY DEFENDANTS' customs, policies,

1  and/or practices.

## FOURTH CAUSE OF ACTION
### Negligent Training and Supervision
**(All Defendants to the extent they were responsible for the hiring and training of VCJ employees and/or agents.)**

83. The preceding Paragraphs are incorporated by reference as though fully set forth herein.

84. This Count is alleged against all defendants (to the extent that they were responsible for training and supervision of VCJ employees and/or agents).

85. The Defendants directly and/or by or through their respective agents and/or employees, had duties to reasonably train and/or supervise VCJ employees and/or agents who were responsible for the classification of inmates and the medical care of persons, including Plaintiff, held in VCJ who needed or claimed a need for medical treatment.

86. The Defendants were negligent and breached their duties of care by, inter alia, negligently hiring, training, retaining, supervising, monitoring, and/or disciplining staff at VCJ in such a way as to cause Plaintiff's injuries as set forth above.

87. As a direct and proximate result of the Defendant's negligence, Plaintiff suffered severe pain, mental anguish, distress, and serious physical injury.

88. All actions of the Defendants occurred within the course of their duty and the scope of their employment and/or agency as employees of the PUBLIC ENTITY DEFENDANTS.

## FIFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
**(All Defendants)**

89. The preceding Paragraphs are incorporated by reference as though fully set forth herein.

18

90. All Defendants' above-described acts and omissions - including, inter alia: 1) their disregard of Plaintiff's complaints that he suffered from a broken and misaligned jaw and was in extreme pain and required medical treatment and hospital care; and 2) their failure to seek necessary medical care in a timely manner, despite Plaintiff's repeated requests for such care, while Plaintiff suffered from his broken jaw for days - were so outrageous in character and extreme in degree that they exceeded all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community.

91. All Defendants' engaged in the aforementioned conduct intentionally, recklessly, and/or with deliberate indifference.

92. As a proximate result of the aforementioned conduct, all Defendants intentionally, recklessly, and/or with deliberate indifference caused Plaintiff to suffer severe emotional distress by allowing Plaintiff to remain untreated for an unreasonable length of time despite his severe and serious medical condition.

93. All actions of all Defendants' as alleged herein, including all Defendants' intentional infliction of emotional distress upon Plaintiff, occurred within the course of their duty and the scope of their employment and/or agency as employees of the PUBLIC ENTITY DEFENDANTS.

### SIXTH CAUSE OF ACTION
### Negligence
### (All Defendants)

94. The preceding Paragraphs are incorporated by reference as though fully set forth herein.

95. This Count is alleged against all Defendants.

96. All Defendants' directly and/or by or through their respective agents and/or

19

employees, had duties to promptly and/or immediately obtain reasonable medical treatment for persons, including Plaintiff, held in VCJ who needed or claimed a need for medical treatment.

97. As set forth more fully herein, all Defendants were negligent and breached their duties of care to Plaintiff while he was in their custody.

98. All Defendants were negligent and breached their duties of care by, inter alia: 1) exposing Plaintiff to a substantial and pervasive risk of serious injury and/or death from inmate violence by placing him in a cell which housed "high risk" Hispanic inmates whose propensity for violence was known or could be inferred by their criminal backgrounds, gang affiliations, or by the nature of the criminal offenses for which they were charged and/or accused of committing; 2) failing to promptly and/or immediately obtain reasonable medical treatment for Plaintiff while he was in their custody at VCJ; and 3) failing to comply with all applicable laws, statutes, regulations, and standards with regard to their treatment and actions towards Plaintiff while he was in their custody at VCJ.

99. As a direct and proximate result of the Defendants' negligence, Plaintiff suffered severe pain, mental anguish, distress, and serious physical injury.

100. All actions of all Defendants' as alleged herein, including Defendants' negligence, occurred within the course of their duty and the scope of their employment and/or agency as employees of the PUBLIC ENTITY DEFENDANTS.

**SEVENTH CAUSE OF ACTION**
**Medical Malpractice**
**(Public Entity Defendants, KORZELIUS, and DOES 1-100)**

101. The preceding Paragraphs are incorporated by reference as though fully set forth herein.

102. Defendants KORZELIUS, DOES 1-100 (to the extent that they were, at the relevant

times, health care professionals), and the PUBLIC ENTITY DEFENDANTS, directly and/or by

or through their respective agents and/or employees, had duties to use such skill, prudence, and

diligence as other members of their profession commonly possess and exercise in their medical

treatment of Plaintiff while he was in their custody.

103. These Defendants breached their duty of care, were negligent, and their conduct fell

below a reasonable standard of care in their medical care and treatment of Plaintiff. Defendants'

breaches include, but are not limited to, unreasonable delays or denials of necessary care and

treatment, failure to transfer Plaintiff to an emergency room or other appropriate medical facility,

improper diagnoses and treatment regimes, failure to take Plaintiff's condition sufficiently

seriously, and outright neglect of his medical and personal needs.

104. It was foreseeable that as a result of such conduct, Plaintiff would suffer harm. As a

direct and proximate result of such conduct, Plaintiff suffered severe physical injury, pain, mental

anguish, and emotional distress.

105. All actions of the PUBLIC ENTITY DEFENDANTS, KORZELIUS, and DOES 1-

100 as alleged herein, including PUBLIC ENTITY DEFENDANTS and DOES 1-100's medical

malpractice, occurred within the course of their duty and the scope of their employment and/or

agency as employees of the PUBLIC ENTITY DEFENDANTS.

106. WHEREFORE, Plaintiff prays for compensatory damages and punitive damages as

allowed by law.

### EIGHTH CAUSE OF ACTION
#### (Negligence - California Government Code § 844.6(d)
#### (Defendant BROOKS, KORZELIUS, CFMG and DOES 1-100)

107. The preceding Paragraphs are incorporated by reference as though fully set forth

herein.

108.  Defendants SHERIFF BROOKS, CFMG, and DOES 1-100 owed Plaintiff, as an inmate in Defendants' custody, care and control, a duty of due care to protect his health and physical safety.

109.  Defendants were negligent and their conduct fell below a reasonable standard of care when they failed to discharge their duties as custodians and/or health care providers to Plaintiff. It was foreseeable that as a result of Defendants' acts and omissions, as described above, Plaintiff's broken jaw would cause incapacitation and pain and suffering without proper treatment.

110.  WHEREFORE, Plaintiff prays for compensatory damages, and for punitive damages as allowed by law.

## NINTH CAUSE OF ACTION
### (Failure to Summon Medical Care for Inmate - Cal. Government Code § 845.6)
### (All Defendants)

111.  The preceding Paragraphs are incorporated by reference as though fully set forth herein.

112.  Defendants had a mandatory duty under California Government Code § 845.6 to summon medical care for inmates whom they knew, or had reason to know, required immediate medical care.

113.  Defendants failed to discharge their duty imposed by California Government Code § 845.6.

114.  As a direct and proximate result of Defendants' acts and/or omissions, herein above described, Plaintiff suffered severe physical injury and trauma, resulting in severe pain and suffering, and emotional distress.

115.  Defendants are liable for their employees' breach of their duty to summon required

immediate medical care while acting in the course and scope of their employment under the

doctrine of respondeat superior.

116.  WHEREFORE, Plaintiff prays for compensatory damages, and for punitive

damages as allowed by law.

**TENTH CAUSE OF ACTION**
**(Failure to Discharge Mandatory Duty - California Government Code § 815.6)**
**(PUBLIC ENTITY DEFENDANTS)**

117.  The preceding Paragraphs are incorporated by reference as though fully set forth

herein.

118.  California Government Code § 815.6 makes a public entity liable for its failure to

discharge a mandatory duty imposed by an enactment designed to protect against the risk of a

particular kind of injury.

119.  California Government Code § 845.6 imposes such a mandatory duty. The purpose

of § 815.6 is, in part, to ensure the safety and health of inmates and to provide inmates with

medical care when the need for medical care becomes apparent.

120.  Defendants breached the mandatory duty owed to Plaintiff pursuant to California

Government Code § 845.6. As set forth herein, Defendants' breach of said duty causes the type of

harm to Plaintiff that the enactment was designed to prevent.

121.  Furthermore, Defendants had a duty to provide reasonable and adequate medical

services to inmates within their care and custody. Upon information and belief, despite actual or

constructive knowledge of the inadequacy of its health services, including numerous avoidable

injuries and inmate deaths, Defendants retained CFMG as the Jail's medical provider and failed

to sufficiently staff and equip its medical facilities. Moreover, Defendants enacted, enforced,

and/or ratified a custom, practice, or policy of declining to refer inmates for outside medical care

23

in all but the most extreme circumstances.

122. Defendants' failure to provide both sufficient health services inside the Jail and necessary outside care was for the purposes of saving money at the risk of inmates' health, and/or for inflicting physical and mental abuse on inmates as retribution in furtherance of a policy of misuse of power over inmates incarcerated in Ventura County.

123. WHEREFORE, Plaintiff prays for all damages allowed by law.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff RESPECTFULLY PRAYS THAT THIS COURT GRANT THE FOLLOWING RELIEF:

1. For compensatory, general and special damages against each Defendant, jointly and severally, according to proof;

2. For exemplary and punitive damages against the appropriate defendants;

3. For other losses in an amount according to proof;

4. For attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and as otherwise authorized by statute or law; and

5. For such other relief as the Court deems proper.

Dated: September 30, 2009.          Respectfully submitted,

_Brian Vogel_

BRIAN A. VOGEL
Attorney for Plaintiff

24