Peter G. Bertling # 131602 (pgb@bertling-clausen.com)
Steve H Shlens #188851 (shs@bertling-clausen.com)
BERTLING & CLAUSEN L.L.P.
15 West Carrillo Street, Suite 100
Santa Barbara, California 93101
Telephone: (805) 892-2100
Facsimile: (805) 963-6044
Attorneys for Defendants
COUNTY OF VENTURA, VENTURA
COUNTY SHERIFF'S DEPARTMENT,
VENTURA COUNTY SHERIFF
BOB BROOKS, AN INDIVIDUAL,
CALIFORNIA FORENSIC MEDICAL GROUP
[incorrectly sued and served herein as
CALIFORNIA FORENSIC GROUP] and
JOHN KORZELIUS, M.D.

Alan E. Wisotsky, #68051 (lawyers@wisotskylaw.com)
Jeffrey Held, #106991 (lawyers@wisotskylaw.com)
THE LAW OFFICES OF ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, CA 93036
Telephone: (805) 278-0920
Facsimile: (805) 278-0289
Attorneys for Defendants
COUNTY OF VENTURA, VENTURA
COUNTY SHERIFF'S DEPARTMENT,
and VENTURA COUNTY SHERIFF BOB
BROOKS, AN INDIVIDUAL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. BIRGES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF VENTURA, VENTURA COUNTY SHERIFF'S DEPARTMENT, VENTURA COUNTY SHERIFF BOB BROOKS, AN INDIVIDUAL, CALIFORNIA FORENSIC GROUP, and DOES 1 - 100.<br><br>Defendants. | Case No. CV 09-01249 SJO (SSx)<br><br>**ANSWER OF DEFENDANT JOHN KORZELIUS, M.D., ON BEHALF OF HIMSELF ALONE, TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Action Filed: February 20, 2009<br>Trial Date: May 18, 2010<br>Judge: Hon. S. James Otero<br>Magistrate Judge: Hon. Suzanne H. Segal<br>Courtroom: 880 |

///

///

1

ANSWER OF DEFENDANT JOHN KORZELIUS, M.D., ON BEHALF OF HIMSELF ALONE,
TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

Newly named Defendant JOHN KORZELIUS, M.D. on behalf of himself alone, hereby responds to Plaintiff's Second Amended Complaint for Damages filed on October 14, 2009.

## RESPONSE TO ALLEGATIONS OF COMPLAINT

1. Answering Paragraph 1 of the Complaint, Defendant denies Plaintiff's claims of violating MR. BIRGES' civil rights, as well as being negligent, committing medical malpractice, and unlawfully withholding medical care from MR. BIRGES. Defendant does admit that the COUNTY OF VENTURA, the VENTURA COUNTY SHERIFF BOB BROOKS, VENTURA COUNTY SHERIFF'S DEPARTMENT, and CALIFORNIA FORENSIC MEDICAL GROUP do manage the provision of health care at the jail facilities in the County of Ventura. Defendant denies responsibility for Plaintiff's security in the jail.

2. Answering Paragraph 2 of the Complaint, Defendant admits that the Plaintiff is relying on those statutes and does not deny that this Court possesses jurisdiction to hear this matter.

3. Answering Paragraph 3 of the Complaint, Defendant admits that venue is proper in the Central District.

4. Answering Paragraph 4 of the Complaint, Defendant admits that JOHN BIRGES was a resident of Ventura County at the time of this incident.

5. Answering Paragraph 5 of the Complaint, Defendant admits to the extent that COUNTY OF VENTURA was a public entity authorized by law to establish certain departments responsible for enforcing the laws and protecting the welfare of the citizens and public employees of Ventura County.

6. Answering Paragraph 6 of the Complaint, Defendant admits.

7. Answering Paragraph 7 of the Complaint, Defendant admits.

8. Admit.

///
///

9. Answering Paragraph 9 of the Complaint, Defendant admits to the extent that DR. KORZELIUS was employed by CFMG as a medical doctor while treating JOHN BIRGES.

10. Defendant can neither admit nor deny.

11. Answering Paragraph 11 of the Complaint, Defendant does not know the identities of these fictitious Defendants and therefore cannot answer for what they may or may not have done.

12. Answering Paragraph 12 of the Complaint, Defendant does not know the identities of these fictitious Defendants and therefore cannot answer for what they may or may not have done.

13. Defendant can neither admit nor deny.

14. Defendant denies to the extent that Plaintiff alleges acts and/or omissions having been "committed" against him.

15. This Defendant can neither admit nor deny Paragraph 15 of the Complaint.

16. Upon information and belief admit.

17. Upon information and belief admit.

18. Upon information and belief admit.

19. Upon information and belief admit.

20. Defendant can either admit nor deny Plaintiff's statement at this time.

21. Answering Paragraph 21 of the Complaint, Defendant objects to this allegation as being compound, vague, ambiguous, and Defendant can neither admit nor deny Plaintiff's allegations at this time. Defendant does admit to the extent that MR. BIRGES is Caucasian.

22. Defendant can neither admit nor deny.

23. Defendant can neither admit nor deny.

24. Answering Paragraph 24 of the Complaint, Defendant objects to this allegation as being compound, vague, ambiguous, and Defendant can neither admit nor deny Plaintiff's allegations at this time. Defendant does admit to the extent that

MR. BIRGES received x-rays identifying a broken jaw. The date is presently unknown, but is subject to discovery in this action.

25.  Answering Paragraph 25 of the Complaint, Defendant objects to this allegation as being compound, vague, ambiguous calling for speculation, and Defendant can neither admit nor deny the allegation at this time.

26.  Answering Paragraph 26 of the Complaint, Defendant objects to this allegation as being compound, vague, ambiguous and Defendant can neither admit nor deny Plaintiff's allegation at this time.

27.  Answering Paragraph 27 of the Complaint, Defendant objects to this allegation as being compound, vague, ambiguous and Defendant can neither admit nor deny Plaintiff's allegation at this time.

28.  Answering Paragraph 28 of the Complaint, Defendant objects to this allegation as being compound, vague, ambiguous and Defendant can neither admit nor deny Plaintiff's allegation at this time.

29.  Answering Paragraph 29 of the Complaint, Defendant objects to this allegation as being compound, vague, ambiguous and Defendant can neither admit nor deny Plaintiff's allegation at this time.

30.  Objection to the extent this paragraph is vague, ambiguous, compound, and assumes facts not in evidence, as well as being argumentative as to allegations made. Defendant denies to the extent that Plaintiff claims he was "denied medical treatment..."

31.  Objection to the extent this paragraph is vague, ambiguous, compound, assumes facts not in evidence, argumentative, and Defendant can neither admit nor deny Plaintiff's allegation at this time.

32.  Answering Paragraph 32 of the Complaint, Defendant objects to this allegation as being compound, vague, ambiguous, and Defendant can neither admit nor deny Plaintiff's allegations at this time. Admit to the extent that MR. BIRGES was taken for treatment to a medical provider outside of the Ventura County Jail in March of 2008.

///

4

ANSWER OF DEFENDANT JOHN KORZELIUS, M.D., ON BEHALF OF HIMSELF ALONE,
TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

33. Answering Paragraph 33 of the Complaint, Defendant objects to this allegation as being compound, vague, ambiguous, and Defendant can neither admit nor deny Plaintiff's allegations at this time. Defendant can neither admit nor deny the treatment provided by another care provider outside of the Ventura County Jail who is not a defendant to this action.

34. Answering Paragraph 34, upon information and belief, Defendant admits.

35. Objection, the allegations made are compound in this paragraph. To the extent applicable, Defendant denies these allegations.

36. Objection, the allegations made are compound in this paragraph. To the extent applicable, Defendant denies these allegations.

37. Objection, this paragraph is vague and ambiguous, and contains compound association of actors as well as Doe defendants. To the extent applicable, Defendant admits.

38. Objection that this paragraph is vague and ambiguous, and contains compound association of actors as well as Doe defendants. To the extent applicable, Defendant admits.

39. Denied.

40. Objection, this allegation in the Complaint is vague and ambiguous. To the extent possible, and in assuming Plaintiff's meaning, Defendant admits.

41. Objection, this allegation in the Complaint is vague and ambiguous. To the extent possible, and in assuming Plaintiff's meaning, Defendant admits.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Admit to the extent that Plaintiff retained counsel to represent him. Denied to the extent that Plaintiff "is entitled to an award…"

5

ANSWER OF DEFENDANT JOHN KORZELIUS, M.D., ON BEHALF OF HIMSELF ALONE,
TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

48. Defendant cannot admit nor deny this paragraph.
49. Defendant can neither admit nor deny this paragraph.
50. Denied.
51. Denied to the extent that Plaintiff alleges malfeasance by the Defendant.
52. Denied.
53. Denied.
54. Denied.
55. Denied.
56. Denied to the extent that Plaintiff alleges "wrongful conduct" by the Defendant.
57. Denied.
58. Denied.
59. Denied.
60. Defendant can neither admit nor deny.
61. Defendant can neither admit nor deny.
62. Denied to the extent that Plaintiff alleges malfeasance against the Defendant.
63. Denied.
64. Denied.
65. Denied.
66. Denied.
67. Denied.
68. Denied.
69. Denied.
70. Denied.
71. Denied.
72. Denied.
73. Denied.
74. Denied.

ANSWER OF DEFENDANT JOHN KORZELIUS, M.D., ON BEHALF OF HIMSELF ALONE,
TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

75. Denied.

76. Defendant cannot admit nor deny.

77. Defendant cannot admit nor deny.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Cannot admit nor deny.

84. Cannot admit nor deny.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Cannot admit nor deny.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Cannot admit nor deny.

95. Cannot admit nor deny.

96. This allegation is vague and ambiguous. Defendant cannot admit nor deny as presently set forth.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Cannot admit nor deny.

7

ANSWER OF DEFENDANT JOHN KORZELIUS, M.D., ON BEHALF OF HIMSELF ALONE,
TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

102. Admit to the extent that Defendant had a duty to use skill and prudence in the treatment of Plaintiff.

103. Denied.

104. Denied.

105. Denied to the extent that Plaintiff alleges "medical malpractice" or malfeasance by Defendant KORZELIUS.

106. Denied.

107. Defendant can neither admit nor deny.

108. Admit to the extent that a duty was owed to Plaintiff. Denied to the extent that Plaintiff alleges malfeasance.

109. Denied.

110. Denied.

111. Cannot admit nor deny.

112. Defendant cannot admit nor deny.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Cannot admit nor deny.

118. Cannot admit nor deny.

119. Cannot admit nor deny.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

///

///

///

8

ANSWER OF DEFENDANT JOHN KORZELIUS, M.D., ON BEHALF OF HIMSELF ALONE,
TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

## AFFIRMATIVE DEFENSES

1. As and for a first separate and distinct affirmative defense, Defendant alleges that he did not promulgate a deliberately indifferent custom, practice, or policy which proximately caused the deprivation of any of Plaintiff's federally protected civil rights. *McDade v. West*, 223 F.3d 1135, 1142 (9th Cir. 2000).

2. As and for a second separate and distinct affirmative defense, Defendant alleges that the damages, if any, complained of by Plaintiff was proximately caused by the negligence of firms, persons, corporations, and/or other entities other than this Defendant in that said negligence comparatively reduces the percentage of any negligence by Defendant, if any be found, which negligence this Defendant expressly denies.

3. As and for a third separate and distinct affirmative defense, Defendant denies Plaintiff's Complaint for punitive damages as they are in violation of CCP §425.13.

4. As and for a fourth separate and distinct affirmative defense, Defendant did not act negligently towards Plaintiff and denies any allegations of deliberate indifference as they may ambiguously be contained in this Second Amended Complaint.

5. As and for a fifth separate and distinct affirmative defense, in the event this answering Defendant is found to be negligent, which is expressly herein denied, Defendant may elect to introduce evidence of any amounts paid or payable, if any, as a benefit to Plaintiff, pursuant to Civil Code §3333.1.

6. As and for a sixth separate and distinct affirmative defense, in the event this answering Defendant is found to be negligent, which is expressly herein denied, the damages for non-economic losses shall not exceed the amounts specified within Civil Code §3333.2.

7. As and for a seventh separate and distinct affirmative defense, in the event this answering Defendant is found to be negligent, which is expressly herein denied, this Defendant may elect to have future damages, if in excess of the amount specified in Code of Civil Procedure §667.7, paid, in whole or in part, as specified in Code of Civil Procedure §667.7.

ANSWER OF DEFENDANT JOHN KORZELIUS, M.D., ON BEHALF OF HIMSELF ALONE,
TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

8. As and for an eighth separate and distinct affirmative defense, Defendant alleges that Plaintiff did not exercise ordinary care, caution, or prudence to avoid the happening of the incident complained of herein, and said incident and the injuries and damages, if any, sustained, were directly and proximately caused and contributed to by the negligence of Plaintiff.

9. As and for a ninth separate and distinct affirmative defense, the action is barred by the appropriate statute of limitations, including, but not limited to, CCP §§340 and 340.5, et seq., and Government Code §§910.8, 911.2, 911.4, and 945.6.

10. As and for a tenth separate and distinct affirmative defense, the Complaint on file herein fails to state facts sufficient to constitute a cause of action against this answering Defendant.

11. As and for an eleventh separate and distinct affirmative defense, in the event this answering Defendant is found to be negligent, which is expressly herein denied, the liability of this answering Defendant is limited by reason of Civil Code 1431.2.

12. As and for a twelfth separate and distinct affirmative defense, Defendant alleges that Plaintiff acted with full knowledge of all the facts and circumstances surrounding this incident, and said matters of which Plaintiff assumed the risk proximately contributed to and proximately caused the injuries and damages, if any.

13. As and for a thirteenth separate and distinct affirmative defense, damages for alleged attorneys' fees are limited in this action by the provisions of Prison Litigation Reform Act, as described by the Ninth Circuit decision of *Madrid v. Gomez*, 172 F.3d 1252 (9th Cir. 1999), to $112.50 per hour, in that Plaintiff was an inmate during the times of the events alleged as misconduct in this lawsuit.

14. As and for a fourteenth separate and distinct affirmative defense, Defendant alleges that he did not disregard an excessive risk to the inmate Plaintiff's health and safety or otherwise satisfied the standards for constitutional liability and therefore is not subject to suit under *Toguchi v. Chung*, 391 F.3d 1051 (9th Cir. 2004).

///

10

ANSWER OF DEFENDANT JOHN KORZELIUS, M.D., ON BEHALF OF HIMSELF ALONE,
TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

15. As and for a fifteenth separate and distinct affirmative defense, Defendant alleges that no defendant is liable in accordance with the authority of *Whitt v. Stephens County*, 529 F.3d 278 (5th Cir. 2008).

16. As and for a sixteenth separate and distinct affirmative defense, Defendant alleges that no defendant is liable pursuant to the federal appellate authority in *Gish v. Thomas*, 516 F.3d 952 (11th Cir. 2008).

17. As and for a seventeenth separate and distinct affirmative defense, Defendant alleges that no defendant is liable pursuant to the appellate decision in *Perez v. Oakland County*, 466 F.3d 416 (6th Cir. 2007).

18. As and for an eighteenth separate and distinct affirmative defense, Defendant alleges that no defendant is liable pursuant to the federal appellate authority in *Frake v. City of Chicago*, 210 F.3d 779 (7th Cir. 2000).

19. As and for a nineteenth separate and distinct affirmative defense, Defendant alleges that no defendant is liable pursuant to the appellate decision in *Barber v. City of Salem*, 953 F.2d 232 (6th Cir. 1992).

20. As and for a twentieth separate and distinct affirmative defense, Defendant alleges that no defendant is liable pursuant to the federal appellate decision in *Manarite v. City of Springfield*, 957 F.2d 953 (1st Cir. 1992), cited with approval in *Farmer v. Brennan*, 511 U.S. 825, 837-839 (1994).

21. As and for a twenty-first separate and distinct affirmative defense, Defendant alleges that no defendant is liable pursuant to the federal appellate decision in *Rellergert v. Cape Girardeau County*, 924 F.2d 794 (8th Cir. 1991).

22. As and for a twenty-second separate and distinct affirmative defense, Defendant alleges that no defendant is liable to the Plaintiff under the negligence causes of action (variously numbered as the sixth, seventh, and eleventh causes of action) in that such causes of action are precluded by the California Government Code provisions in sections 844.6(a)(2); 845.6; 855.8(a) and (b); 856(a)(1), (2), and (b); as well as 856.4.

///

11

ANSWER OF DEFENDANT JOHN KORZELIUS, M.D., ON BEHALF OF HIMSELF ALONE, TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

23. As and for a twenty-third separate and distinct affirmative defense, Defendant alleges that he is not liable for negligence, as the named Defendant is immune therefrom under the appellate decision in *Venegas v. County of Los Angeles*, 32 Cal.4th 820 (2004).

24. As and for a twenty-fourth separate and distinct affirmative defense, Defendant alleges that Plaintiff was comparatively and contributorily negligent, and his recovery is barred or diminished in proportion to the Plaintiff's culpable conduct in connection with his own actions.

25. As and for a twenty-fifth separate and distinct affirmative defense, Defendant alleges that no defendant is liable under the Americans with Disabilities Act cause of action because no defendant exhibited intentional discrimination, discriminatory animus, or deliberate indifference, *Memmer v. Marin County Courts*, 169 F.3d 630, 633 (9th Cir. 1999); no reasonable accommodation was ever requested; no availability of a reasonable accommodation is demonstrated; no modification was necessary to avoid discrimination on the basis of disability; and the Plaintiff was not a qualified individual with a disability, in accordance with 42 U.S.C.§12112(a), 29 C.F.R. §1630.4, and appended §1630.9, in that Plaintiff was not an individual with a disability who could not perform the essential functions of an employment position which he held or desired, *Weiler v. Household Finance,* 101 F.3d 519 (7th Cir. 1996).

26. As and for a twenty-sixth separate and distinct affirmative defense, Defendant alleges that Plaintiff was comparatively and contributorily negligent, and his recovery is barred or diminished in proportion to the Plaintiff's culpable conduct in connection with his own self-extinction.

27. As and for a twenty-seventh separate and distinct affirmative defense, Defendant is not liable to the Plaintiff under State Law theories of action under California Government Code sections 844.6(a)(2), 845.6, 855.8(a) and (b), 856(a)(1), (2) and (b), 856.4, 945.4, and 945.6.

///

///

ANSWER OF DEFENDANT JOHN KORZELIUS, M.D., ON BEHALF OF HIMSELF ALONE,
TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

28. As and for twenty-eighth separate and distinct affirmative defense, Defendant maintains that any recovery is barred by the absence of any notice of danger to the Plaintiff in advance of the circumstances giving rise to injury, if any.

## DEMAND FOR JURY TRIAL

Without prejudice to their right to move the Court for a pretrial or a trial dismissal, Defendant hereby requests that the trial of the matter be to a jury.

## PRAYER

Defendant requests that the Court enter judgment in his favor, and that Plaintiff takes nothing by reason of his Complaint, for costs of suit herein incurred, and for such other relief as the Court may deem just and appropriate.

DATED: November 6, 2009.              BERTLING & CLAUSEN L.L.P.

By: _____
Steve H Shlens
Attorneys for Defendants COUNTY OF VENTURA, VENTURA COUNTY SHERIFF'S DEPARTMENT, VENTURA COUNTY SHERIFF BOB BROOKS, AN INDIVIDUAL, CALIFORNIA FORENSIC MEDICAL GROUP and JOHN KORZELIUS, M.D.

13

ANSWER OF DEFENDANT JOHN KORZELIUS, M.D., ON BEHALF OF HIMSELF ALONE, TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

**PROOF OF SERVICE**
CCP §§ 1011, 1013, 1013a, 2015.5
FRCP 5(b)

STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA

  I am employed in the County of Santa Barbara, State of California. I am over the age of 18 and not a party to the within action; my business address is 15 West Carrillo Street, Suite 100, Santa Barbara, California 93101.

  On **November 6, 2009,** I served the document described as **ANSWER OF DEFENDANT JOHN KORZELIUS, M.D., ON BEHALF OF HIMSELF ALONE, TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action ☒ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list: ☒ by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☒ BY MAIL  ☐ I deposited such envelope in the mail at Santa Barbara, California. The envelope was mailed with postage thereon fully prepaid.

  ☒ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Barbara, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ (FILED WITH THE COURT BY ELECTRONIC TRANSMISSION). Please see attached confirmation.

  Executed on **November 6, 2009**, at Santa Barbara, California.

☒ (Federal)  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Joan McMaster            Signature

# SERVICE LIST

Attorneys for Plaintiff
The Law Offices of Brian A. Vogel, PC
Brian A. Vogel, Esq.
770 County Square Drive, Suite 104
Ventura, CA 93003
(805) 654-0400 - Phone
(805) 654-0326 - Fax
Brian@bvogel.com

Co-Counsel for Defendants
Jeffrey Held, Esq.
Law Offices of Alan E. Wisotsky
300 Esplanade Drive, Suite 1500
Oxnard, CA 93036
(805) 278-0920 -Phone
(805) 278-0289 -Fax
lawyers@wisotskylaw.com

Mandatory Chambers Copy - Courtesy Box
Judge S. James Otero
United States District Court,
255 East Temple Street, Eighth Floor, Room 880
Los Angeles, California 90012

Mandatory Chambers Copy - Courtesy Box
Hon. Suzanne H. Segal
United States District Court
312 N. Spring Street, Third Floor
Los Angeles, CA 90012

ANSWER OF DEFENDANT JOHN KORZELIUS, M.D., ON BEHALF OF HIMSELF ALONE,
TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL