Alan E. Wisotsky (SBN 68051)
Jeffrey Held (SBN 106991)
LAW OFFICES OF ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, California  93036
Tel:    (805) 278-0920
Fax:    (805) 278-0289
E-mail:  lawyers@wisotskylaw.com

Peter G. Bertling # 131602 (pgb@bertling-clausen.com)
Steve H. Shlens #188851 (shs@bertling-clausen.com)
BERTLING & CLAUSEN L.L.P.
15 West Carrillo Street, Suite 100
Santa Barbara, California 93101
Tel:    (805) 892-2100
Fax:    (805) 963-6044

Attorneys for Defendants COUNTY OF VENTURA, VENTURA COUNTY SHERIFF'S DEPARTMENT, SHERIFF BOB BROOKS, CALIFORNIA FORENSIC MEDICAL GROUP [*incorrectly sued and served herein as California Forensic Group*], and JOHN KORZELIUS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. BIRGES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF VENTURA, VENTURA COUNTY SHERIFF'S DEPARTMENT, VENTURA COUNTY SHERIFF BOB BROOKS, an individual, CALIFORNIA FORENSIC GROUP, JOHN KORZELIUS, and DOES 1-100,<br><br>Defendants. | No. CV 09-01249 SJO (SSx)<br><br>**AMENDED DECLARATION OF JEFFREY HELD AUTHENTI-CATING DEPOSITION TRANSCRIPTS OFFERED IN SUPPORT OF DEFENDANTS' SUMMARY JUDGMENT/ SUMMARY ADJUDICATION MOTION**<br><br>[Filed concurrently with summary judgment motion, statement of uncontroverted facts/separate statement of undisputed facts and conclusions of law, and proposed judgment]<br><br>Date: March 29, 2010<br>Time: 10:00 a.m.<br>Ctrm: 1 – 2nd Floor, 312 N. Spring Street |

/ / /

/ / /

1

1   I, Jeffrey Held, declare:

2   1.   I am an attorney in the Law Offices of Alan E. Wisotsky, counsel of record for defendants County of Ventura, Ventura County Sheriff's Department, Sheriff Bob Brooks, California Forensic Medical Group, and John Korzelius, M.D. I am authorized to practice law in the State of California, and I am admitted to practice before the Central District.

2.   I make this declaration based upon information which is personally known to me. If called to testify as a witness to the information contained herein and to the authenticity of the deposition transcript excerpts offered in support of the summary judgment motion, which excerpts are appended hereto, I could and would competently and accurately do so under penalty of perjury of the laws of the United States of America.

3.   On February 3, 2010, I met in person at length (one and a half hours) with plaintiff's counsel, Brian Vogel, and co-defense counsel, Steve Shlens, to discuss the grounds for the defendants' summary judgment motion or, in the alternative, for summary adjudication, in compliance with Central District Local Rule 7-3 and Judge Otero's standing order, point 18(a). The discussion with Mr. Vogel was informed by my having e-mailed him the text of the concurrently filed summary judgment motion itself and supporting documents (separate statement of undisputed facts and conclusions of law and this declaration), seeking prejudicial dismissal of all ten causes of action. Our discussion, while lively, collegial, and substantive, unfortunately produced no agreement by Mr. Vogel to agree to dismiss all or any of the causes of action. Mr. Vogel expressed the view that: "Because several depositions have not yet been taken, it is premature to conclude that no genuine issues of material fact remain as to any or all of the counts. Furthermore, it appears that plaintiff suffered a broken jaw while in the care and custody of the defendants. It was diagnosed by X-rays the following day. Plaintiff suffered for three additional days following the X-ray diagnosis, without emergency medical treatment and without a

special diet. During these three days, defendants were deliberately indifferent to his serious medical needs, and this deliberate indifference proximately caused substantial pain and suffering. The remaining issues will be addressed in the remaining depositions and in plaintiff's responsive pleadings."

4. I was present during the entirety of the deposition of plaintiff John Waldo Birges, taken on Wednesday, October 28, 2009, at the court reporting agency of Merrill Court Reporters, located at 1363 Donlon Street, Suite 8, Ventura, California 93003. Mr. Birges was deposed on that date by co-defense counsel Steve Shlens, by me, and by plaintiff's own counsel, Brian Vogel.

5. The deposition transcript consisted of 212 pages of examination text.

6. There were no disruptions, discontinuities, or statements of inaccurate reporting or invalidity of the transcript. The deposition proceeding went very smoothly, with all counsel participating and no contest to the deposition's validity.

7. Appended hereto in support of the defendants' summary judgment motion are excerpts from the transcript of the deposition of John Waldo Birges, and these are legitimate, authentic, and accurate photocopies of the various pages from the plaintiff's deposition. These pages are not altered in any way and exactly correspond to the text of the deposition of the plaintiff, John Waldo Birges, as transcribed by court reporter Joanne Cunningham.

8. The authentic deposition pages appended hereto in support of the defendants' summary judgment motion are 46, 85, 86, 87, 88, 89, 93, 94, 95, 99, 113, 115, 116, 123, 124, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 169, 170, 171, 172, 173, 174, 175, 179, 180, 181, 198, 208, and 209.

9. While I of course do not have a precise memory record of all of the questions asked and all of the answers given during the course of the deposition proceeding, the reporter's transcript of them closely resembles my memory of the questions asked of plaintiff and the answers given. There are no inaccuracies or variations in her transcription of the plaintiff's testimony which come to my mind.

10. The plaintiff never did make any revisions to any of his answers or contest the accuracy or validity of the deposition transcript which he gave on October 28, 2009.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February \_\_\_\_, 2010, at Oxnard, California.

_____
JEFFREY HELD